UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. ATKINSON,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS DRECHSLER,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 16-cv-12505-DJC<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                       December 27, 2016

**I.     Introduction**

On Friday, December 9, 2016, *pro se* litigant James M. Atkinson ("Atkinson") filed a complaint and a motion for emergency injunctive relief, asking this Court to enjoin a state court criminal matter against him that was scheduled to go to trial on Monday, December 12, 2016. He also asks the Court to compel state officials, including judges, to follow Supreme Court precedent concerning the Second Amendment.  The Court has already denied Atkinson's motion for emergency injunctive relief.  For the reasons set forth below, the Court dismisses this action without prejudice.

**II.    Background**

According to Atkinson, the current prosecution against him is the most recent in a series of "fraudulent" criminal charges brought against him in regards to his possession of firearms. Compl., D. 1, at 5.  He claims he is being prosecuted "for the mere possession of legal firearms in the home."  Id.  Atkinson further alleges that the state judges involved in his case "have blocked any reasonable attempt at discovery, have fired [his] competent counsel and replaced

1

them with less competent counsel, and . . . have created a pattern of unlawful civil right [sic] violations under color of authority." Id.

On Sunday, December 11, 2016, the Court issued an electronic order, D. 6, denying the motion for emergency injunctive relief. The Court stated, "Even assuming the Court properly has jurisdiction for the petitioner's claims, this Court finds no compelling reasons to interfere with ongoing state proceedings (including the trial apparently scheduled to begin on Monday) and declines to do so. See Younger v. Harris, 401 U.S. 37 (1971)."

**III.   Discussion**

For the same reason the Court denied the motion for an emergency injunction, the Court abstains from exercising jurisdiction over this case. "Abstention is a device designed to facilitate the side-by-side operation of federal and state courts, balancing their respective interests in the spirit of comity." Coggeshall v. Mass. Bd. of Registration of Psychologists, 604 F.3d 658, 664 (1st Cir. 2010). "[F]ederal courts have long recognized 'the fundamental policy against federal interference with state criminal proceedings.'" In re Justices of Superior Court Dept. of Mass. Trial Court, 218 F.3d 11, 16 (1st Cir. 2000) (quoting Younger v. Harris, 401 U.S. 37, 46 (1971)). Under the principle of Younger abstention, federal courts "abstain from interfering with state court proceedings even where defendants claim violations of important federal rights," In re Justices, 218 F.3d at 17, as long as the federal claims can be "raised and resolved somewhere in the state process," Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added). The "mere possibility of erroneous initial application of constitutional standards will usually not amount to the irreparable injury necessary to justify a disruption of orderly state proceedings." Huffman v. Pursue, Ltd., 420 U.S. 592, 609 n.20 (1975) (quoting Dombrowski v. Pfister, 380 U.S. 479, 484-85 (1965)).

Younger does allow for intervention in a state criminal prosecution in limited circumstances: where the Court finds that the prosecution "is conducted in bad faith, or where the challenged statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whether manner and against whomever an effort might be made to apply it.'" Id. at 611 (quoting Younger, 401 U.S. at 53-54). These exceptions to abstention are very narrow. "Bad faith," in this context, "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." Kugler v. Helfant, 412 U.S. 117, 126 n.6 (1975). In Dombrowski, for example, the prosecution was in bad faith because it was not undertaken to convict the individuals, but to discourage people from agitating for racial equality:

> [T]he complaint made substantial allegations that: "the threats to enforce criminal statutes against the appellants [were] not made with any expectation of securing valid convictions, but rather [were] part of a plan to employ arrests, seizures, and threats of prosecution under color of the statutes to harass appellants and discourage them and their supporters from asserting and attempting to vindicate the constitutional rights of Negro citizens of Louisiana."

Younger, 401 U.S. at 48 (quoting Dombrowski, 380 U.S. at 482). In contrast, Atkinson's complaint is devoid of any "substantial allegations" that state prosecutors are not proceeding for the purpose of securing convictions against him. Further, Atkinson does not claim that he is being prosecuted under a statute which is, on its face, patently violative of the United States Constitution regardless of the manner in which and against whom it might be applied. See Younger, 401 U.S. at 54 (noting that "the possible unconstitutionality of a statute 'on its face' does not in itself justify an injunction against good-faith attempts to enforce it").

Here, exercising jurisdiction over the present action would unquestionably interfere in a pending state proceeding. Atkinson has not alleged that the issues of federal law he raises in this action cannot be raised and resolved somewhere in the state process. That the state trial court

ruled, with or without a hearing, against Atkinson on issues of federal law is not relevant for the purpose of determining whether Younger abstention is merited.  See, e.g., Moore v. Sims, 442 U.S. 415, 431-32 (1979) (concluding that Younger abstention was appropriate where state procedural law did not bar presentation of litigants' claims, despite their assertions that the state court had effectively denied them an opportunity to be heard).  The Court is "obliged to presume that state courts are 'fully capable of safeguarding federal constitutional rights,'" Coggeshall, 604 F.3d at 665 (quoting Brooks v. N.H. Supreme Ct., 80 F.3d 633, 639 (1st Cir. 1996)), and nothing in the complaint indicates that this case presents an exception to that rule.

## IV. Conclusion

For the foregoing reasons, the Court orders that this case be DISMISSED WITHOUT PREJUDICE.

**So Ordered.**

       /s/ Denise J. Casper
       United States District Judge